Sukhvinderjit **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–74058.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George T. Heridis, Esq., Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Audrey B. Hemesath, San Francisco, CA, USSAC–Office of the U.S. Attorney, Sacramento, CA, Kristi C. Kapetan, USF–Office of the U.S. Attorney, Fresno, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Sukhvinderjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We lack jurisdiction to review the IJ's determination that Singh failed to file a timely asylum application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005).

We have jurisdiction under 8 U.S.C. § 1252 to review the denial of withholding of removal and CAT protection. We review the IJ's decision for substantial evidence, *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004), and deny the petition for review on these claims.

The IJ's adverse credibility finding is supported by substantial evidence, as Singh failed to explain adequately discrepancies between his testimony and the written documents in the record. *See id.* In addition, Singh has failed to challenge the IJ's findings regarding his demeanor, specifically his hesitation to answer unexpected questions or when asked for details not contained in his asylum application. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 662 (9th Cir.2003).

In the absence of credible evidence, Singh has failed to show eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh's claims under the CAT are based on the same facts that the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**DISMISSED in part and DENIED in part**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.